UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMA C. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SF MARKETS, LLC d/b/a SPROUTS FARMERS MARKET; SFM, LLC; SUNFLOWER FARMERS MARKETS, LLC, a foreign corporation d/b/a SPROUTS FARMERS MARKET; DOES I through X; DOE EMPLOYEES I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01467-JCM-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE: ECF No. 14**<br><br>**Plaintiff's Motion to Amend** |

Pending before the Court is Plaintiff's Motion to Amend Complaint to Add Party (the "Motion"). ECF No. 14. The Court has considered the Motion as well as Defendants' Response (ECF No. 15) and Plaintiff's Reply (ECF No. 18).

**I.   BACKGROUND**

This premises liability case commenced on July 29, 2022 when Plaintiff filed suit in the Eighth Judicial District Court for Clark County, Nevada alleging negligence and negligent hiring, training, retention, and supervision against Defendants SF Markets, LLC, SFM, LLC, Sunflowers Markets, LLC, and Doe and Roe Employees. ECF No. 1-3. On September 8, 2022, Defendants removed the case to federal court. ECF No. 1.

Plaintiff asserts that on or about August 5, 2020, while shopping at a Sprouts grocery store, she slipped on a clear liquid substance on the floor that appeared to be water. ECF No. 1-3 ¶ 21. Plaintiff claims (1) Defendants should have known of the dangerous condition on the floor, and (2) had a duty to mitigate the risks the hazard caused. *Id.* ¶¶ 23-26. Plaintiff accuses Defendant of acting negligently, carelessly, and recklessly by causing and allowing the hazardous condition to persist. *Id.* ¶ 27. Plaintiff asserts that as a result of her fall caused by Defendants' negligence, she

sustained injuries requiring medical and therapeutic treatment that will continue into the future. *Id.* ¶¶ 27-30.

## II.     PARTIES' PLEADINGS

### A.     Plaintiff's Motion to Amend Complaint to Add Party.

Plaintiff explains a produced surveillance video shows the moments directly before and after her accident. ECF No. 14 at 3. Plaintiff asserts the video shows a Sprouts employee spilling water on the floor moments before Plaintiff slips and then wiping it up shortly after the accident. *Id.* Plaintiff learned the identity of the Sprouts employee on the video—Chris Fisher ("Fisher")—through Sprouts' responses to interrogatories. *Id. citing* ECF No. 14-2 at 2. Plaintiff argues that Fisher is liable for the damages incurred by Plaintiff because he negligently created the hazardous condition leading to her accident. *Id.* Plaintiff moves the Court for leave to amend her Complaint to name Fisher as a Defendant. *Id.* at 3-4.[1] Plaintiff also states her intention to file a motion to remand if her proposed amended complaint is filed. *Id.* at 4 n.1.

Plaintiff argues 28 U.S.C. § 1447(e) is the appropriate standard for the Court to follow when a defendant added after removal would destroy diversity. *Id.* at 4. Plaintiff contends the factors the Court must consider all weigh in favor of allowing amendment. *Id.* at 4-5. First, Plaintiff says Fisher is not merely "tangentially related" to Plaintiff's case as he independently committed a tort against Plaintiff and is responsible for her injuries. *Id.* at 5. Second, because the claims against Fisher arise out of the same conduct and operative facts as those relating to the named corporate Defendants, Plaintiff contends the statute of limitations permits Plaintiff to name Fisher as a defendant. *Id.* at 5-6. Third, Plaintiff argues there was no delay in seeking to join Fisher because Plaintiff sought his identity immediately after viewing the surveillance video. *Id.* at 6. Fourth, Plaintiff says that because Plaintiff intends to join a defendant who played such an integral role in the events in question, Plaintiff's accompanying intent to remand the case should not weigh heavily in the Court's analysis of the Motion. *Id.* Fifth, Plaintiff tells the Court not to prejudice her by denying the pursuit of an

---

[1] Plaintiff's proposed amended complaint mirrors the allegations made in Plaintiff's original Complaint except for adding four paragraphs alleging that Fisher, a Spout's employee acting in the course and scope of his employment, spilled water on the floor of the store and failed to put up a wet floor sign or alert customers to the hazard. ECF No. 14-4 ¶¶ 21-24. Plaintiff states her First Cause of Action, Negligence, is asserted against all Defendants including Fisher. *Id.* ¶¶ 36-49.

2

individual whose identity she did not know until after the case was commenced. *Id.* at 7. Finally, Plaintiff contends the case against Fisher is strong, thus weighing in favor of permitting amendment to join him as a defendant. *Id.*

  B. <u>Defendants' Response</u>.

Defendants argue under Federal Rule of Civil Procedure 19(a) a party must be joined if his absence precludes complete relief, hinders the moving party's ability to protect its own interests or leaves an existing party with a substantial risk of multiple or inconsistent obligations. ECF No. 15 at 3. Defendants say Fisher is only tangentially related to this case and Plaintiff's assertion that he was the Sprouts employee who spilled liquid leading to Plaintiff's slip is speculative and unsupported because three other individuals walked through the area where Plaintiff slipped minutes before the accident occurred. *Id.* at 4. Defendants argue the doctrine of vicarious liability exists exactly for cases like this where it is unclear which employee committed the alleged tort. *Id.*

Defendants say it is obvious that Plaintiff's goal is to add Fisher and defeat diversity jurisdiction resulting in remand to state court. *Id.* at 5. Defendants question why Plaintiff did not describe any characteristics or actions of the individual employee in her initial Complaint as Plaintiff knew of the individual's characteristics at the time of and shortly after the accident. *Id.* Defendants also contend there is no risk of prejudice to Plaintiff because it is undisputed that Sprouts has the financial means to satisfy any judgment entered in this case. *Id.* at 6. Finally, Defendants argue there is no merit to Plaintiff's claim against Fisher given any liability will be Sprouts' responsibility under respondeat superior. *Id.* Defendants say Plaintiff fails to identify a duty owed by Fisher that is not supplanted by respondeat superior. *Id.*

  C. <u>Plaintiff's Reply</u>.

Plaintiff reminds the Court that under Nevada law all cases of tort liability, including negligence, can be removed under 28 U.S.C. § 1447(e). ECF No. 18 at 2. Plaintiff cites several District of Nevada slip and fall, premises liability cases in which the court granted the plaintiff leave to join a related party post-removal. *Id.* at 2-5 *citing Valdes v. Smith's Food & Drug Centers, Inc.*, Case No. 2:19-cv-01313-JCM-DJA, 2019 WL 13214705 (D. Nev. Oct. 4, 2019), *Schmidt v. CVS Pharmacy, Inc.*, Case No. 2:19-cv-01687-GMN-BNW, 2020 WL 5203590 (D. Nev. Sept. 1, 2020),

*Resendez v. Smith's Food & Drug Centers, Inc.*, Case No. 2:15-cv-61-JAD-PAL, 2015 WL 1734934 (D. Nev. Apr. 16, 2015), *Miller v. FedEx Office and Print Services, Inc.*, Case No. 2:21-cv-01917-APG-BNW, 2022 WL 17081125 (D. Nev. Nov. 18, 2022). Plaintiff disputes Defendants' assertions that vicarious liability is sufficient to prevent prejudice because, under Nevada law, whether an employer is held vicariously liable for an agent's conduct does not affect the agent's independent tort liability. *Id.* at 5. Plaintiff says respondeat superior, which attaches only when the employee acts in the course and scope of his employment, is a question of fact for the jury regardless of whether the tortious acts are intentional or negligent. *Id.* Because Sprouts' vicarious liability for Fisher's actions does not affect Fisher's independent tort liability, Plaintiff contends Defendants' arguments in opposition to her Motion are meritless. *Id.* at 6.

Plaintiff submits Defendants speculate that Plaintiff seeks to join Fisher to defeat diversity jurisdiction. *Id.* at 7. Plaintiff contends she alleged the necessary elements of a prima facie negligence case and intends to add Fisher as a defendant because he created the hazardous condition that led to Plaintiff's incident. *Id.* Therefore, Plaintiff has a reasonable motive to add Fisher due to his role, conduct, and individual liability. *Id.*

**III.   DISCUSSION**

    A.   <u>The Law</u>.

While Federal Rule of Civil Procedure 15 typically governs review of a motion to amend, the standard courts use when deciding whether to allow post-removal joinder of a party that will destroy diversity of citizenship is established in 28 U.S.C. § 1447(e). *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 Fed.Appx. 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint .... The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e)."); *Lieberman v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-1650 JCM (PAL), 2013 WL 596098, at *1 (D. Nev. Feb. 15, 2013) (citations omitted). The analysis of proposed amendment under § 1447(e) requires higher scrutiny than standard amendment under Federal Rule of Civil Procedure 15. *Lieberman*, 2013 WL 596098, at *1 (citation omitted). Courts have broad discretion when deciding whether to permit diversity destroying joinder. *3WL, LLC v. Master Protection, LP*, 851 Fed.Appx. 4, 7 (9th Cir.

4

2021); *Glaster v. Dollar Tree Stores, Inc.*, Case No. 2:15-cv-00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016).

The analysis of a motion brought under § 1447(e), includes the following factors:

(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Lieberman*, 2013 WL 596098, at *1 (internal citations omitted). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Id. citing Yang v. Swissport USA, Inc.*, Case No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D.Cal.2010).

In *Glaster*, the court considered whether to allow joinder of the manager of the Dollar Tree store who would destroy diversity. 2016 WL 128139, at **1-2. Dollar Tree opposed joinder arguing the sole purpose of the attempted joinder was to destroy diversity, and that any judgment against the manager would also apply to Dollar Tree under respondeat superior. *Id.* at *3. The court granted joinder because the plaintiff stated a facially bona fide claim against the manager, the joinder was sought early in the litigation, and it was not clear Dollar Tree would be prejudiced by the joinder. *Id.* The court held Dollar Tree's ability to satisfy a potential judgment was not a valid reason to deny the plaintiff a negligence claim against the manager. *Id.* The broad discretion provided by § 1447(e) defeated Dollar Tree's argument that the plaintiff's goal of destroying diversity could constitute undue prejudice to Dollar Tree. *Id.* at *4. The case was subsequently remanded to state court. *Id.*

In *Sanchez by & through Gomez v. Target Corp., LLC*, Case No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021), the plaintiff sued Target after a sign fell on her face. During discovery Target disclosed the names of three employees who passed by the sign half an hour before the incident. *Id.* Plaintiff moved to amend her complaint to add the three employees as defendants, which would destroy diversity. *Id.* The court considered the six factors established in *Lieberman* and denied Plaintiff's motion. The court held the store employees were not necessary

5

for the just adjudication of the case as recovery for their negligence would be recovered from Target under respondeat superior. *Id.* The court found Target's ability to satisfy any judgment, along with the availability of the three employees to testify regarding their conduct in connection with the incident, to be evidence that Plaintiff would suffer no prejudice if amendment was denied. *Id.* The court found if the plaintiff felt she could not obtain a complete recovery from Target in federal court she was free to file suit in state court against the three employees. *Id.*

B.    Analysis of Plaintiff's Motion.

1.    *Just Adjudication*.

Federal Rule of Civil Procedure 19(a) "requires joinder of persons whose absence would preclude the grant for complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Id.*; *Lieberman*, 2013 WL 596098 at *2. Here, Sprouts admits Fisher was within the course and scope of his employment at the time of the accident and Sprouts is vicariously liable if Fisher was negligent. ECF No. 15 at 4, 6. When an employer is vicariously liable for its employee "the employee is not necessary to the litigation." *Lopez v. Kroger Co.*, Case No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) (internal citation omitted). Because Sprouts admits vicarious liability, Fisher is not a necessary party whose absence would deprive Plaintiff from obtaining complete and adequate relief. *Hendricks v. Wal-Mart Stores, Inc.*, Case No. 2:06-cv-01439-RLH-GWF, 2007 WL 9728755, at *2 (D. Nev. Feb. 9, 2007).

2.    *Statute of Limitations*.

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." *Lieberman*, 2013 WL 596098 at *3 (internal citations omitted). The events at issue in this case took place on August 5, 2020. ECF No. 1-3 ¶ 21. Under NRS 11.190(4)(e), there is a two-year statute of limitations for commencing an action involving injury to a person caused by neglect of another. Thus, the statute of limitations has run if a separate claim is filed against Fisher in state court. However, as discussed below, nothing

1  prevented Plaintiff from pleading against the then-unnamed Sprouts employee whose conduct is
2  alleged to have caused the accident at the time her case was originally filed.

### 3. *Untimely Delay*.

The Court also considers whether an amendment to add a party is timely. *Liberman*, 2013 WL 596098 at *4. There is no dispute that Plaintiff learned Fisher's name on January 13, 2023. ECF No. 14-2. The instant Motion to Amend was filed on February 14, 2023, before the deadline to add parties. ECF No. 10 at 3. Thus, while Plaintiff timely seeks to amend her Complaint to add Fisher specifically, as explained below, Plaintiff could have pleaded against the unnamed individual employee or employees as Doe defendants when she originally filed her claim.

### 4. *Motive for Joinder*.

"[A] trial court should look with particular care at … [the] motive in removal cases[] when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Valdes*, 2019 WL 13214705 at *2. Plaintiff states she is not adding Fischer to destroy diversity, but because he is the person who created the hazardous condition at Sprouts on the day she slipped and fell. ECF No. 14 at 6. Nonetheless, Plaintiff admits she intends to file a motion to remand if her proposed amended complaint is filed. *Id.* at 4 n.1.

In addition, the Court questions why Plaintiff failed to name a Doe defendant whose actions caused Plaintiff to slip and suffer injuries when she filed her Complaint in state court on July 29, 2022. The inclusion of a Doe defendant in a complaint will bolster a plaintiff's argument that her motive for joinder is not solely to destroy diversity jurisdiction. *Lieberman*, 2013 WL 596098 at *5. Plaintiff did not do so here. The Court acknowledges and accepts as true Plaintiff's statement that she did not know the name of the employee who created the hazardous spill or that the same employee who spilled the liquid was the employee who cleaned up the spill after Plaintiff's slip and fall. ECF No. 18 at 7. However, this does not change the fact that Plaintiff could have pleaded in her original Complaint, even if on information and belief, Doe Defendant or Defendants, an employee or employees of Sprouts, acting within the course and scope of his/her/their employment, caused the hazardous condition resulting in Plaintiff's injuries. Indeed, the purpose of "Doe and

7

Roe" pleadings is to allow later substitution of specific individuals initially identified as "Doe." *See Nickelsen v. Bank of New York Mellon*, Case No. 2:14-cv-05827-SVW-JC, 2014 WL 12603503, at *3 (C.D. Cal. Sept. 23, 2014) ("The very purpose of Doe defendants is to enable a plaintiff to name parties who at the time of filing cannot be identified."). For this reason, the Court questions Plaintiff's contention that she could seek to add the individual who allegedly caused the hazardous condition as a defendant until after she viewed the video.

     5.  *Prejudice to Plaintiff.*

  Sprouts admits Fisher was acting in the course and scope of his employment, agrees if Fisher was negligent Sprouts is responsible, and states it can satisfy any potential judgment. ECF No. 15 at 6 *citing* ECF No. 15-3 at 2. This distinguishes the present case from the citations on which Plaintiff relies. *Compare Sanchez*, 2021 WL 950095 at *1 ("Any recovery for … [the employees'] alleged negligence can be recovered from Target under the doctrine of respondeat superior …. Furthermore, there is no indication that Target would not be able to satisfy any judgment Plaintiff obtains."), *with Lieberman*, 2013 WL 596098 at *3 ("Wal-Mart has not stipulated that … [the employee] was working in the course and scope of his work or that it would satisfy and judgment against him."), *and Valdes*, 2019 WL 13214705 at *2 (" [Smith's] has not stipulated to … [the employee] acting within the course and scope of his employment or that they would be responsible for satisfying any judgment against him."). When an employer acknowledges it could be liable for potentially tortious actions of its employees through respondeat superior, and has the financial resources to satisfy a potential judgment, the prejudice to a plaintiff arising from denying a motion to add an individual defendant is diminished. *Sanchez*, 2021 WL 952095, at *1. Based on the facts and admissions made by Sprouts, the Court finds no prejudice to Plaintiff arises from denying her Motion to add Fisher as a defendant.

     6.  *Merit of Claims*.

  Plaintiff's proposed amended complaint alleges Fisher "was acting in the course and scope of his employment when he spilled a clear liquid substance on the floor that appears to be water." ECF No. 14-4 ¶ 22. The quote portion of this statement is not disputed. ECF No. 15 at 6. Because

any claims Plaintiff has against Fisher are Sprouts' responsibility under vicarious liability, Fisher is not a necessary party for Plaintiff to achieve full relief.

        C.     Conclusion.

Plaintiff presents no reason for failing to plead her claim against individual Sprouts employees in her originally filed Complaint. Further, Sprouts admits that its employee was acting in the course and scope of employment and that, if a Sprouts employee is found negligent, Sprouts will be responsible for the conduct under respondeat superior. There is no dispute Sprouts can satisfy any judgment rendered. Under these circumstances, the Court questions Plaintiff's motive for adding Fisher when that will, without doubt, destroy diversity and send this case back to state court.

**IV.    RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Amend Complaint to Add Party (ECF No. 14) be DENIED.

DATED this 9th day of June, 2023.

                                              _____
                                              ELAYNA J. YOUCHAH
                                              UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).