UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMA C. WRIGHT,<br><br>                     Plaintiff(s),<br><br>    v.<br><br>SF MARKETS, LLC, et al.,<br><br>                     Defendant(s). | Case No. 2:22-CV-1467 JCM (EJY)<br><br>ORDER |

Presently before the court is plaintiff Rayma C. Wright ("plaintiff")'s motion to amend. (ECF No. 14). Defendants SF Markets, LLC; SFM, LLC; and Sunflower Farmers Markets, LLC (collectively, "defendants"), responded. (ECF No. 15). Plaintiff replied. (ECF No. 18).

Magistrate Judge Elayna J. Youchah issued a report and recommendation (the "R&R") recommending that plaintiff's motion to amend be denied. (ECF No. 20). Plaintiff objected. (ECF No. 23). Defendants responded to plaintiff's objection. (ECF No. 28).

**I.  INTRODUCTION**

The instant action was initiated in state court on July 29, 2022. (ECF No. 1-3). While shopping at a grocery store, plaintiff allegedly slipped and fell on a clear, liquid substance, resulting in injury. (*Id.*). Plaintiff brings suit against defendants as well as "does I through X, doe employees I through X, and roe entities I through X" alleging negligence and negligent hiring, training, retention, and supervision. (*Id.*). Plaintiff asserts that her injuries are a result of the negligence of all defendants—including the doe and roe defendants—as "each of them owned, operated, maintained and were in control" of the grocery store. (*Id.*).

Defendants timely removed this action on September 8, 2022. (ECF No. 1). On that same day, defendants produced a video in discovery showing an employee spilling water on the floor shortly before plaintiff fell. (ECF No. 23). After further discovery, on January 13, 2023, plaintiff learned the identity of the employee: Chris Fisher ("Fisher"). (*Id.*; ECF No. 14-2).

**James C. Mahan**
**U.S. District Judge**

Plaintiff moved to amend her complaint to name Fisher as a defendant on February 14, 2023. (ECF No. 14). Plaintiff's proposed amended complaint alleges Fisher is independently negligent and thus also liable for her damages. (ECF No. 14; *see* ECF No. 18). Notably, Fisher would defeat diversity and allow plaintiff to move to remand this matter to state court.

## II.   LEGAL STANDARD

This district's magistrate judges are authorized to resolve pretrial matters subject to the assigned district judge's review. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3 . . . ."). The reviewing district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

The district court applies a "clearly erroneous" standard to the magistrate judge's factual findings, whereas the "contrary to law" standard applies to the legal conclusions. *See, e.g.*, *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). However, if a party files written objections to the report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

When conducting a de novo review, a district court need not specifically address a party's objections. *United States v. Ramos*, No. 21-1084, at *15 (9th Cir. 2023) (for publication). It is sufficient to simply state that, after having done so, the court has conducted a proper *de novo* review. *Id.* (collecting cases).

## III.   DISCUSSION

Magistrate Judge Youchah analyzed plaintiff's motion under 28 U.S.C. § 1447(e) and the accompanying six-factor standard balancing test. (ECF No. 20; *see Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-cv-01650-JCM-PAL, 2013 WL 596098, at *1 (D. Nev. Feb. 15, 2003)). This legal standard is used when parties attempt to add a diversity-defeating party after removal, rather than Federal Rule of Civil Procedure 15, which typically governs motions to amend. *Lieberman*, 2013 WL 596098, at *1. The analysis includes the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in

**James C. Mahan**
**U.S. District Judge**

seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Id.* "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Id.* (citing *Yang v. Swissport USA, Inc.*, No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. 2010).

Plaintiff's primary objection is to analysis in the R&R dependent on the assertion that plaintiff did not plead against doe defendants in her complaint. (ECF No. 23; *see* ECF No. 20). The complaint names doe defendants and specifies that "references to 'Defendants' include collective reference to all named Defendants, and all DOE and ROE Defendants who might have performed or failed to perform the same actions hereinafter alleged committed by the named Defendants." (ECF No. 1-3). It alleges that "Defendants created and/or knew or should have known of the dangerous condition." (*Id.*). It does not make any specific allegations as to individuals or actions that led to plaintiff's alleged injuries. (*See id.*). In the R&R, Magistrate Judge Youchah posits that the lack of specific allegations pertaining to an individual indicates an improper motive for amending the complaint post-removal to name a diversity-destroying defendant. (ECF No. 20).

The proposed amended complaint adds four paragraphs describing Fisher's alleged individual involvement in the incident.[1] (ECF No. 14-4). The allegations specific to Fisher are what should have been in the original complaint. (*See* ECF No. 20). If plaintiff was sincerely concerned with individual liability, she would have included allegations relevant to a doe individual in her original complaint; a boilerplate allegation that all defendants "created and/or knew or should have known of" a potential hazard is insufficient.

Plaintiff contends that the amendment "would be nothing more than substituting in the appropriately identified party in place of the DOE defendant designation." (ECF No. 14). Yet the proposed amended complaint does not merely replace a doe defendant with Fisher's name; it adds several allegations necessary to make plaintiff's claim against a new individual plausible. (*See* ECF No. 14-4).

---

[1] The proposed amended complaint also removes SF Markets, LLC, and SFM, LLC, as defendants and allegations pertaining thereto. (ECF No. 14-4). Other than those modifications and minor syntax changes, the complaint would remain unchanged. (*Compare* ECF No. 14-4 *with* ECF No. 1-3). The removal of these defendants is not addressed in the R&R nor any other relevant pleadings, and it is unnecessary to this court's analysis here.

**James C. Mahan**
**U.S. District Judge**

- 3 -

In addressing the fifth factor—prejudice to the plaintiff—plaintiff's objection is a mere two sentences asserting that she will be prejudiced if not allowed to pursue a tortfeasor. (ECF No. 23). The court finds no merit in this conclusory statement. Plaintiff alleges that Fisher was acting in the scope of his employment when he spilled the water, and defendants have conceded vicarious liability for the employee and confirmed the means to pay any judgment plaintiff may receive. (ECF Nos. 14-4, 28).

In addition to the foregoing analysis, the court has reviewed the R&R and each of plaintiff's objections de novo. Accordingly, the court adopts the findings of fact and conclusions of law in the R&R and denies plaintiff's motion to amend.

### IV. CONCLUSION

Accordingly, consistent with the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that the R&R (ECF No. 20) is hereby ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion to amend (ECF No. 14) is DENIED.

DATED July 21, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**